WO                                                                                    SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ivan Jay Linebarger, | ) | No. CV 07-0496-PHX-SMM (JCG) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Herb Hailey, | ) | |
| Defendant. | ) | |

Plaintiff Ivan Jay Linebarger, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On March 13, 2007, the Court dismissed Plaintiff's original Complaint because it failed to state a claim and gave Plaintiff 30 days to file an amended complaint. Plaintiff filed a First Amended Complaint on April 10, 2007. The Court will order Defendant to answer the First Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

TERMPSREF

## II.     First Amended Complaint

Plaintiff names Herb Hailey, Protective Segregation Administrator at the Arizona Department of Corrections, as Defendant.  The First Amended Complaint contains a single count.  Plaintiff alleges that his Eighth Amendment rights have been violated because Defendant was deliberately indifferent when he denied two requests made by Plaintiff to place Plaintiff in protective custody.  Plaintiff alleges that he has been assaulted and threatened and that Defendant denied his requests even after Department of Corrections investigators recommended Plaintiff's placement in protective custody.  For relief, Plaintiff requests placement in protective custody.

The allegations adequately state a claim, and the Court will order Defendant to answer.

## III.     Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

1

**D.      Possible Dismissal**

2      If Plaintiff fails to timely comply with every provision of this Order, including these

3  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

4  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5  comply with any order of the Court).

6  **IT IS ORDERED:**

7      (1)      Defendant Hailey must answer the First Amended Complaint.

8      (2)      The Clerk of Court must send Plaintiff a service packet including the First

9  Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms

10 for Defendant Hailey.

11     (3)      Plaintiff must complete and return the service packet to the Clerk of Court

12 within 20 days of the date of filing of this Order.  The United States Marshal will not provide

13 service of process if Plaintiff fails to comply with this Order.

14     (4)      If Plaintiff does not either obtain a waiver of service of the summons or

15 complete service of the Summons and First Amended Complaint on Defendant within 120

16 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

17 is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

18     (5)      The United States Marshal must retain the Summons, a copy of the First

19 Amended Complaint, and a copy of this Order for future use.

20     (6)      The United States Marshal must notify Defendant of the commencement of this

21 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

22 Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The

23 Marshal must immediately file requests for waivers that were returned as undeliverable and

24 waivers of service of the summons.  If a waiver of service of summons is not returned by

25 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

26 Marshal must:

27

28

1        (a)   personally serve copies of the Summons, First Amended Complaint, and

2   this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

3   Procedure; and

4        (b)   within 10 days after personal service is effected, file the return of service

5   for Defendant, along with evidence of the attempt to secure a waiver of service of the

6   summons and of the costs subsequently incurred in effecting service upon Defendant.

7   The costs of service must be enumerated on the return of service form (USM-285) and

8   must include the costs incurred by the Marshal for photocopying additional copies of

9   the Summons, First Amended Complaint, or this Order and for preparing new process

10   receipt and return forms (USM-285), if required. Costs of service will be taxed against

11   the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules

12   of Civil Procedure, unless otherwise ordered by the Court.

13   (7)   **If Defendant agrees to waive service of the Summons and First Amended**

14   **Complaint, he must return the signed waiver forms to the United States Marshal, not**

15   **the Plaintiff.**

16   (8)   Defendant must answer the First Amended Complaint or otherwise respond by

17   appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

18   the Federal Rules of Civil Procedure.

19   (9)   This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules

20   72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

21   DATED this 16th day of April, 2007.

Stephen M. McNamee
United States District Judge