**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivan Jay Linebarger, ) | No. CV 07-0496-PHX-SMM (JCG) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Herb Hailey, ) | |
| Defendant. ) | |

Plaintiff Ivan Jay Linebarger filed a *pro se* 42 U.S.C. § 1983 action against Herb Hailey alleging that his constitutional rights were violated by Defendant's failure to protect him (Doc. #1). Plaintiff argued that Defendant refused to place Plaintiff in protective segregation despite numerous requests (id.). Plaintiff now seeks injunctive relief because his life is in danger in general population (Doc. #7).

"No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1). Furthermore, the Court may grant a temporary restraining order without notice only if the applicant certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b). Because Plaintiff has failed to serve a copy of his request for injunctive relief on Defendant, his request will be denied.

In considering the merits of the claim, the Court finds that Plaintiff is not entitled to the injunctive relief requested. Plaintiff is entitled to preliminary injunctive relief only if he shows either: "'(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of

hardships tipping in [the movant's] favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 516-517 (9th Cir. 1993). Plaintiff has made bare allegations regarding his requests for protective segregation and Defendant's response. In particular, Plaintiff has not indicated whether his requests for protection were investigated and whether Defendant acted reasonably in denying Plaintiff's requested placement. See Farmer v. Brennan, 511 U.S. 825, 844 (1994) (Providing that prison officials who know of a substantial risk to an inmate's safety "may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted"). Thus, at this early stage, Plaintiff has failed to demonstrate a sufficient likelihood of success on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that the reference to the Magistrate Judge is withdrawn only with respect to Plaintiff's request for a temporary restraining order and injunctive relief. All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is **DENIED**.

DATED this 9th day of October, 2007.

*[signature]*
Stephen M. McNamee
United States District Judge