**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivan Jay Linebarger,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Herb Haley,<br><br>　　　　Defendant. | No. CV 07-0496-PHX-SMM (JCG)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

　　　　Plaintiff Ivan Jay Linebarger, who is currently confined in Cellblock Six of the Arizona State Prison Complex, in Florence, Arizona, commenced this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. #1). In his First Amended Complaint, Plaintiff sues Herb Haley, the Protective Segregation Administrator for the Arizona Department of Corrections (ADC) for threats to his safety based on Haley's alleged failure to assign Plaintiff to protective custody. (Doc.# 5.)[1] Plaintiff solely seeks injunctive relief, i.e., placement in protective segregation. (Id. at 6.) Before the Court is Defendant's motion for summary judgment, which was filed under seal and not served on Plaintiff. (Docs.# 32, 33.) Plaintiff has opposed the motion (Docs. #43-45) and Defendant has filed a reply under seal. (Docs.# 54-55.) Defendant's motion will be summarily denied for failure to serve the motion on Plaintiff.

**I.　　Procedural Background**

　　　　Defendant lodged his motion for summary judgment (MSJ) and statement of facts (SOF) with a motion to seal the MSJ and SOF. (Doc.# 28.) Defendant included a certificate of service reflecting that copies of the MSJ/SOF had been served by mail on Plaintiff. See

---

[1] "Doc.#" refers to the docket number of documents filed in this case.

1  Doc.# 32 at 11; 33 at 11.  The magistrate judge granted the motion to seal four days later.
2  (Doc.# 31.)  Although leave to file the MSJ/SOF *ex parte* had neither been sought, nor
3  granted, subsequent filings make clear that the MSJ/SOF was not in fact served on Plaintiff.
4  See Doc.# 55 at 2-3.  Rather, as discussed below, Defendant's counsel worked out a system
5  with prison officials whereby Plaintiff could purportedly submit requests to his CO III
6  counselor to review the MSJ/SOF.

7  Plaintiff requested an extension of time to respond to Defendant's MSJ stating that
8  he had "still not been able to view the sealed motion for summary judgment filed by
9  Defendant Herb Hailey [sic]," although he had been assured by Defendant's attorney, A.J.
10 Rogers, that he would be afforded adequate time to review the motion and statement of facts.
11 (Doc.# 37 at 1.)  Plaintiff expressly requested an extension until he had an opportunity to
12 review the MSJ/SOF in order to adequately respond to the motion.  (Id.)  On May 13, 2008,
13 Plaintiff was granted an extension until June 23, 2008 in which to file his response to the
14 MSJ.[2]  (Doc.# 40.)  Nevertheless, on May 27, 2008 and well before the June 23, 2008
15 deadline, Plaintiff filed a response to the motion for summary judgment, a memorandum of
16 law, and a declaration signed under penalty of perjury in opposition to the motion.  (Docs.
17 # 43-45.)  In his response and his supporting Declaration, Plaintiff stated that he had only
18 been afforded 30 minutes to read the MSJ/SOF and that he had not been permitted to make
19 notes.

20 On June 16, 2008, Plaintiff filed a motion for sanctions against Defendant's attorney
21 Rogers.  (Doc.# 49.)  In it, Plaintiff stated that Rogers contacted Plaintiff on June 3, 2008,
22 and accused Plaintiff of lying about not being given time to review Defendant's MSJ/SOF

---

[2] Two days later, and almost certainly before he received a copy of the order granting him his first extension, Plaintiff filed a second motion for a 45-day extension of time to file a response, again stating that he sought the extension due to sealing of the Defendant's MSJ and delays in Plaintiff's opportunity to review that motion.  (Doc.# 41 at 1.)  Plaintiff further stated that he had only been allowed 30 minutes to read the motion and required more time. (Id.)  Plaintiff's second motion for extension of time was denied by the magistrate judge as moot after he filed his response to the MSJ.  (Doc.# 46.)

- 2 -

in his response to that motion. (Id. at 1.) According to Plaintiff, he told Rogers that he needed a copy of the MSJ/SOF to provide to an inmate who was assisting Plaintiff with his response, to which Rogers stated Plaintiff was not entitled to the assistance of a jailhouse lawyer. (Id.) According to Plaintiff, the inmate who had been assisting him thereafter stopped doing so under threat of disciplinary sanctions. (Id.) For that reason, Plaintiff requested sanctions against Rogers for interfering with his access to the court. (Id. at 2-3.) Plaintiff in part stated that "[w]ithout assistance from a 'writ-writer' trained in the law, I never would have been able to respond to the Defendant's motion for summary judgment, as I was never given a copy, which did violate the rules of civil procedure." (Id. at 2.)

Defendant filed a combined response to the motion for sanctions and reply to Plaintiff's response to the MSJ (combined response/reply) under seal.[3] (Doc.# 55.) According to Defendant's counsel in the combined response/reply:

> When [Plaintiff] made a request for production for his protective segregation ("PS") file, Haley, Arizona Department of Corrections ("ADC") staff, and undersigned counsel were placed in a conundrum. [Plaintiff] clearly felt he needed those documents to pursue his lawsuit. There were, however, serious security concerns about allowing him possession of such documents because they contained information about other inmates and because they contained information that [Plaintiff] had provided a statement against his criminal codefendant which, if released, could jeopardize his safety. In order to balance those competing concerns, we worked out a system that allowed [Plaintiff] access to a redacted PS file in order to pursue his suit, but did not allow him to keep the documents in his physical possession to address the security concerns. (Exhibit A, Response to Request for Production of Documents at 2, ("Because of serious security concerns related to your possession of your Protective Segregation file, you will be allowed access to a redacted copy of that file by contacting CO IV Espinoza."), Exhibit B, Memo to Attorney General Liaison Kelly Dudley from undersigned counsel, ("Please forward the [redacted PS file] to the appropriate COIV so [Linebarger] can have access to the documents on a request basis. He also needs the ability to make copies to support any documents he files with the Court.").) [Plaintiff] did not object to this procedure or contact undersigned counsel.
> When undersigned counsel filed [Defendant's] summary judgment motion and statement of facts, she moved to file it under seal to prevent the public from accessing the confidential information contained in those documents. (Dkt. 28) The Court ordered the documents filed under seal (dkt.

---

[3] Although a mailing certificate was included with the combined response/reply, it appears doubtful that Defendant in fact served Plaintiff with it because the response/reply was filed under seal.

- 3 -

> 31), and undersigned counsel employed the same procedure to allow [Plaintiff] to have access to the summary judgment motion and statement of facts (which included many attached documents from [Plaintiff's] PS file), without allowing him to keep the documents in his physical possession. Undersigned counsel again sent the documents to the Attorney General Liaison Dudley requesting that [Plaintiff] be allowed to access them on a request basis and that he be allowed to make copies to support any documents he files with the Court. (Exhibit C, Memo to Attorney General Liaison Dudley from undersigned counsel.) Undersigned counsel also wrote [Plaintiff] that he would be provided access to the document via an inmate letter to his CO III. (Exhibit D.) [Plaintiff] again did not object to this procedure or contact undersigned counsel.

(Doc.# 55 at 2-3.) According to Rogers, Corrections Officer III Kraicinski informed Rogers that Plaintiff had not requested access to the MSJ/SOF, which Kraicinski would have provided if he had requested access. (Id. at 3.) Rogers claims that she offered to stipulate to an enlargement of time to allow Plaintiff to amend his response to the summary judgment, after a further opportunity to review the MSJ/SOF, but Plaintiff refused because he wanted his "jailhouse lawyer" to be able to access the documents. (Id.) Rogers denies that she contacted ADC personnel about another inmate assisting Plaintiff. (Id.) Defendant argues, on this basis, that Plaintiff's contentions regarding denial of access to Defendant's MSJ/SOF should be disregarded. (Id.) Defendant did not file affidavits to support the representations of counsel in the combined response/reply.

## II.     Discussion

Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure requires that a written motion, except one that may be heard *ex parte*, must be served on every party. Service on a party may be accomplished by mailing it to the party's last known address, among other means, in which case service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Motions for summary judgment must be served on an opposing party. Fed. R. Civ. P. 56(c).

Defendant included a certificate of mailing reflecting service by mail of the MSJ/SOF on Plaintiff. However, Defendant's combined response/reply makes clear that Plaintiff was, in fact, never served with the MSJ/SOF. Plaintiff repeatedly raised the issue that he had not been served with the MSJ/SOF and that he had not been afforded adequate time to review

copies of the MSJ/SOF. Plaintiff states under penalty of perjury that he only had 30 minutes to review the MSJ/SOF. (Doc.# 45 at ¶ 31.) Defendant's assertion that Plaintiff declined additional opportunities for review with the opportunity to supplement his response is unsupported by affidavit. Further, in light of the unreliability of Defendant's certificates of mailing of sealed documents, it appears doubtful that Plaintiff was served with a copy of Defendant's combined response/reply, despite a certificate of mailing, because it was also filed under seal. (Doc.# 55.)

Under the circumstances, the Court concludes that Defendant's motion for summary judgment must be denied based on the Defendant's failure to serve the MSJ/SOF on Plaintiff. Defendant could have, but failed either to obtain a stipulation with Plaintiff excusing service and setting forth procedures to afford him adequate opportunity to review the MSJ/SOF or a court order excusing service and establishing procedures to ensure Plaintiff was afforded an adequate opportunity to review the MSJ/SOF. The Court will grant the parties until April 17, 2009 in which to file any further dispositive motions. Any such dispositive motion must be served on the other party absent a stipulation, or Court order, excusing such service and establishing procedures to ensure an adequate opportunity to review the motion and supporting documents.

Accordingly,

**IT IS HEREBY ORDERED:**

(1) Defendant's Motion for Summary Judgment is **DENIED** without prejudice. (Doc.# 32.)

(2) The dispositive motion deadline is extended until **April 17, 2009**. Any dispositive motion must be served on the other party absent a stipulation, or Court order, excusing such service and establishing procedures to ensure an adequate opportunity to review the motion and supporting documents.

1 | DATED this 19th day of February, 2009.

_____
Stephen M. McNamee
United States District Judge